CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 0 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

| | | |
|---|---|---|
| KEVIN L. CHANDLER<br>& GARA J. CHANDLER, | ) | Civil Action No. 4:12cv00017 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MULTI-STATE HOME LENDING,<br>INC. *et al.*, | ) | |
| | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

This is an action by plaintiffs Kevin L. Chandler and Gara J. Chandler, proceeding *pro se*, against defendants Multi-State Home Lending, Inc. ("Multi-State"); Premiere Asset Services ("Premiere"); Citigroup Mortgage Loan Trust, Inc. ("Citigroup"); BWW Law Group, LLC; "US Bank National Association, As Trustee;" Allison Melton; Benjamin Rosen; and "Does 1–10," for various causes of action related to a foreclosure on the Chandlers' home. All named defendants have joined in filing a motion to dismiss for failure to state a claim. Because the court cannot discern any plausible claims to relief in the Chandlers' complaint, the court grants the defendants' motion to dismiss.

## I.

Taken as true and viewed in the light most favorable to the Chandlers, the facts are as follows. The Chandlers and Multi-State entered a mortgage agreement on the Chandlers' home in Halifax, Virginia. Multi-State then assigned the promissory note on the Chandlers' home to Citigroup. When the Chandlers fell behind on their mortgage payments, Citigroup initiated a foreclosure on the property.

On May 23, 2012, the Chandlers commenced this action in Halifax County Circuit Court, alleging breach of implied contact, "unlawful money lent," violation of "Truth in Lending law," and "wrongful foreclosure." The defendants removed the action to this court on June 22, 2012, and Premiere filed a motion to dismiss. The Chandlers then filed an amended complaint, which Premiere moved to strike. On September 10, 2012, the court held a hearing on the motion to dismiss. At the conclusion of the hearing, the court informed Mr. Chandler that his two complaints appeared wholly deficient and that he would need to file an amended complaint pleading plausible claims.

On January 4, 2013, the Chandlers filed a third complaint, naming additional defendants and claiming "Breach of Oath Contract," fraud, usury, racketeering, human-rights violations, and foreclosure errors. In that complaint, the Chandlers invoke jurisdiction under "Article I, Section 10 of the U.S. Constitution which prohibits states from making any Thing but gold and silver coin a tender in payment of debts." (Am. Compl. 2, ECF No. 34.) The Chandlers allege, among other things, that the defendants have violated the "Public Officers and Employees" section of the second edition of American Jurisprudence; obtained an "unlawful detainer" against the Chandlers; violated their own "oath[s] of service" and the Chandlers' human rights by obtaining a writ of possession; and ignored a "true copy of oath of service" and are thus "in violation of Title 15 USC and possibly insurance fraud." The defendants have once again filed a motion to dismiss.[1]

---

[1] The Chandlers have filed a response to the defendants' motion to dismiss, making this matter ripe for disposition. The court dispenses with further oral argument because it would not aid the decisional process. See Local Rule 11(b) ("In accordance with Federal Rule of Civil Procedure 78(b), the Court may determine a motion without an oral hearing.").

## II.

The defendants move to dismiss the Chandlers' complaint pursuant to Rule 12(b)(6) on the grounds that the amended complaint "asks many questions and states a variety of disjointed legal conclusions" while failing to allege any comprehensible facts. The court finds that the Chandlers' complaint does not contain sufficient facts to support a facially plausible claim to relief. Accordingly, the court dismisses their complaint without prejudice.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion to dismiss, the claimant's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiffs must offer enough facts "to nudge[] their claims across the line from conceivable to plausible," Twombly, 550 U.S. at 570, and from which the court, calling upon "its judicial experience and common sense," can conclude that the pleader has "shown" that he is entitled to relief, Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 679. While courts should construe a *pro se* complaint liberally and hold it "to less stringent standards than formal pleadings," the complainant "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." Atherton v. D.C. Office of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (internal quotation marks and citations omitted). Courts are not required to "conjure up" claims from the vagaries of a *pro se* complaint. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

With those precepts in mind, the court concludes that the Chandlers' third complaint is wholly deficient, even under the liberal *pro se* pleading standards. The Chandlers' complaint fails to plead a comprehensible claim, much less a plausible one. The court can only discern that the Chandlers complain about the very fact of the foreclosure on their home and the resulting hardships. It is not clear from the complaint how any of the defendants violated any of the Chandlers' legal rights, nor can the court glean any coherent legal theories. Although *pro se* complaints are held to "less stringent standards," Atherton, 567 F.3d at 681, *pro se* litigants do not have the unique privilege of submitting claims based on unintelligible facts and unfounded legal conclusions. The complaint must contain enough factual content to allow this court to draw the reasonable inference that the defendants are liable for actionable misconduct. Because the complaint does not satisfy that basic requirement, the court dismisses the Chandlers' claims.[2]

### III.

For the reasons stated, the court dismisses the Chandlers' complaint without prejudice.

**ENTER**: February 20, 2013.

UNITED STATES DISTRICT JUDGE

---

[2] The Chandlers have not attempted to indentify or serve the "Does 1-10" that they have included as defendants in all three of their complaints. Federal Rule of Civil Procedure 4(m) requires that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Because the Rule 4(m) 120-day window for service has long since closed, and because the Chandlers have not served any of the Does, nor shown good cause for failing to do so, the court dismisses the claims against them. See, e.g., Santos v. N.Y. City, 847 F. Supp. 2d 573, 577–78 (S.D.N.Y. 2012) (dismissing claims against the named defendants pursuant to Rule 12(b)(6) and the claims against "John Doe" pursuant to Rule 4(m)).